### TUCKER v. WILSON & CO. et al.

No. 17730.   Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Review of Awards—Conclusiveness of Findings of Fact.**

It is well settled in this state that in a proceeding in this court to review the order of

the State Industrial Commission, such proceeding is to review errors of law, and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of the same.

## 2. Same—Order Sustained.

Record examined, and sufficient competent evidence found to support the finding of the State Industrial Commission.

Commissioners' Opinion, Division No. 1.

Error from State Industrial Commission.

Original proceeding by George Tucker to vacate an order of the State Industrial Commission denying his petition for workmen's compensation against Wilson & Company. Affirmed.

F. P. Hutchison, for petitioner.

C. D. Bennett, George F. Short, Atty. Gen., and Fred F. Hansen, Asst. Atty. Gen., for respondents.

FOSTER, C. George Tucker filed a petition in error in this court on August 26, 1926, to review an order made by the State Industrial Commission on the 13th day of August, 1926. In his petition in error he alleges:

First. That the Commission erred in admitting evidence on the part of the respondents, and refusing and ruling out competent legal evidence on the part of the petitioner.

Second. That the Commission erred in holding and ordering that compensation be denied claimant, and in closing the case.

Third. That the Commission erred in not finding and making an award and decision that respondent is liable for compensation on the facts of the case according to the record and according to the law of the state of Oklahoma.

Fourth. That the decision of the Commission is not supported by the evidence, and is contrary to the evidence and law.

The petitioner filed his claim with the State Industrial Commission on April 20, 1926, alleging that he received an accidental injury while working as an employee of Wilson & Company, of Oklahoma City, on the 28th day of August, 1925. At a hearing before the State Industrial Commission, which began on May 18, 1926, the following testimony, in substance, was adduced:

George Tucker, the claimant, testified, in substance, that he began working for Wilson & Company on August 24, 1925, and that

there was nothing wrong with him at that time; that while pushing beeves down a trolley his feet slipped and he fell and tore his left side; that the injury so caused pained him all the time; that he immediately reported the accident to W. E. Pope, who was the representative of Wilson & Company looking after cases of this kind, and that Pope advised him to see Dr. Longmire, the physician for the company; that he saw Dr. Longmire, and the doctor told him to stay off his feet and put hot water bottles on his side; that he went home and did not return to work for three or four days; that the doctor examined him again and told him that it was all right for him to work, but not at any heavy lifting.

Several other witnesses corroborated the claimant that he received the accidental injury on or about the date of August 28, 1925. However, there were one or two witnesses who testified for the claimant who stated that he received no injury whatsoever; and W. E. Pope and Dr. Longmire, testifying for the respondent, stated that at the time Dr. Longmire examined him he said nothing about an accidental injury but complained of being sick, and Dr. Longmire at the time pronounced his ailment as acute appendicitis.

The record also contains testimony of Dr. Dardis, personal physician of the claimant, and of Dr. Horace Reed, appointed by the Commission. The testimony of both witnesses indicates that his trouble could have been caused from an injury, but that it was more likely to have been caused from some other source.

Upon this testimony, the Industrial Commission made an order denying claimant compensation.

Looking at the testimony in the very best light from the claimant's standpoint, it is very conflicting, and is such testimony that reasonable men might at least disagree upon; and, in our opinion, there was certainly sufficient competent testimony to justify the Industrial Commission in refusing to award the claimant compensation under the Workmen's Compensation Act.

The claimant, while he filed his petition for review in this court within time, seems to have practically abandoned the cause, as he has filed no brief; and although the matter has been set down for oral argument, he has not appeared in this court to present any authorities or give this court any reason why the finding of the Commission should be set aside. However, not-

withstanding this fact, owing to the well-settled law in this state, that the Workmen's Compensation Act should be liberally construed in favor of the claimant, we have made a thorough examination of the record, but are unable to find any merit in any of the errors alleged in claimant's petition in error.

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission, such proceeding is to review errors of law and not of fact. Finding of facts by the State Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of the same. Thomas v. Ford Motor Co., 114 Okla. 3. 242 Pac 765; Associated Employers' Reciprocal v. State Indus. Com., 83 Okla. 73. 200 Pac. 802; Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 Pac. 503, and many other cases by this court.

There appearing to be sufficient competent evidence to justify the finding of the Industrial Commission in refusing the allowance of an award to this claimant, and after examination of the record. finding no other errors of law as complained of by the claimant. we are of the opinion that the order of the State Industrial Commission, made on the 13th day of August, 1926, finding that the claimant is not suffering from any disability he received while in the employment of the respondent herein on August 28, 1925, should be affirmed, and it is so ordered.

TEEHEE, LEACH, REID, and DIFFENDAFFER, Commissioners, concur.

BENNETT, Commissioner, disqualified and not participating.

By the Court: It is so ordered.

Note.—See under (1) C. J. Workmen's Compensation Acts, pp. 122, 123, §127: p. 123. §128; anno. L. R. A 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580. (2) C. J. Workmen's Compensation Acts, p. 122, §127.