**PEREZ v. GLOBE INSURANCE CO. et al.**

No. 18892. Opinion Filed March 13, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Review of Orders—Questions of Fact.**

Where the only question presented by a petition for review of an order of the Industrial Commission is one of fact, unless we can say from an examination of the entire record that there is no competent evidence supporting the finding and order of the Commission, the petition for review will be denied.

Original proceeding to review order of the State Industrial Commission discontinuing payment of workman's compensation to Domingo F. Perez, by Globe Insurance Company et al. Petition for review denied.

Kirschner & Goldwyn, for petitioner.

Burford, Miley, Hoffman & Burford and Roy V. Lewis, for respondents.

HUNT, J. This is an original proceeding filed in this court on November 5, 1927, to review an award of the State Industrial Commission made on October 5, 1927. It appears from the transcript of the proceedings had before the State Industrial Commission filed herein on December 2, 1927, that the petitioner, Domingo F. Perez, was in the employ of respondent on and prior to May 10, 1926, and that on said date said petitioner herein sustained an accidental personal injury arising out of and in the course of his employment with respondent, the nature of said injury being a contusion and sprain of his left foot. It further appears from the transcript that petitioner was paid compensation by the respondent herein and insurance carrier from the date of said accident up to August 1, 1927, at the rate of $18 per week, being for a period of 64 weeks, in the total sum of $1,134. It further appears that, on motion of claimant to determine the extent of the disability, a hearing was had under the direction of the State Industrial Commission on August 29, 1927, in the city of Tulsa, Okla., at which hearing the claimant appeared in person and by his attorney, and the respondent and insurance carrier appeared by counsel. Claimant produced, in addition to himself, two doctors as witnesses in his behalf. No testimony was offered on behalf of respondent. Thereafter, on the 5th day of October, 1927, the Commission, after finding the facts as hereinbefore stated, made a further finding that the disability resulting from said accidental injury had terminated on August 1, 1927, and that any disability suffered by claimant subsequent to said date was the result of formation of spurs of bone and that said spurs are not the result of said accidental injury, and entered its order discontinuing compensation as of August 1, 1927, and denying claimant further compensation and further medical attention, and it is this order of the Commission petitioner herein seeks to have reviewed by this court, and, upon review, set aside.

Petitioner concedes in the brief filed herein that the findings of fact of the State Industrial Commission are conclusive upon this court, and will not be reviewed, where there is any competent evidence to support the same, so it is unnecessary to discuss this question or cite any authorities in support of this well-established rule. Petitioner contends, however, that there is no competent evidence to support the findings of fact of the Commission herein and the order based thereon and that the question of liability herein, therefore, becomes a pure question of law for the determination of this court.

That petitioner is entitled to further compensation if he can establish as a matter of fact that he is still disabled as the result of the accidental injury he received while in the employ of respondent, is not denied by respondent. So, then, the only question presented here is one of fact, to wit: Is claimant still disabled as a result of the accidental injury received while in the employ of respondent on May 10, 1926. That the burden of establishing this fact is on claimant has heretofore been settled by this court in Tulsa Street Railway Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182 wherein it was said:

"Under the Workmen's Compensation Law of this state the burden rests on claimant to establish by competent evidence the accidental nature of the injury complained of, and that it arose out of or in the course of employment, and that the disability relied on for compensation resulted primarily from such accidental injury."

See, also, Associated Employers' Reciprocal v. Industrial Commission, 83 Okla. 73, 200 Pac. 862; Hogan v. State Industrial Com., 66 Okla. 161, 207 Pac. 303.

Both Dr. Cline and Dr. Lemmon, the two witnesses offered by claimant, testified that his present disability was due to the formation of spurs of bone, but neither testified that this condition was due to the original injury. The testimony of Dr. Lemmon on this point is quite to the contrary, being as follows:

"Q. And you think these spurs existing now is not due to the injury? A. I do not think so."

No question of law being presented by this record, unless we can say there is no competent evidence supporting the finding of the Commission herein, it becomes our duty to deny the petition for review. We have carefully considered all the testimony, and we are unable to say from our examination of the entire record that there is no evidence supporting the finding of the Commission and the order based thereon.

The petition for review is therefore denied.

All the Justices concur.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; anno. L. R. A. 1916A, 268; 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872.