## COULTER v. CONTINENTAL OIL CO. et al.

No. 18384. Opinion Filed April 10, 1928.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Review of Awards—Finality of Findings of Fact.**

In a proceeding of review of a case arising under the Workmen's Compensation Law, the judgment of the State Industrial Commission is final upon issues of fact, and it will not be reviewed by the Supreme Court where the findings of fact on which the judgment is based are reasonably supported by any competent evidence in the record.

**2. Same—Denial of Compensation Sustained.**

Record examined, and held, sufficient to support the judgment.

Commissioners' Opinion, Division No. 1.

Original proceeding for a review of refusal of an award by the State Industrial Commission to L. F. Coulter. Affirmed.

Lydick, McPherren & Jordan, for petitioner.

Owen, Armstrong, Short & Looney, for respondents Continental Oil Company and United States Fidelity & Guaranty Company.

Abernathy & Howell, for respondent Royal Indemnity Company.

TEEHEE, C. On April 22, 1927, a hearing was had before the State Industrial Commission to determine liability of the Continental Oil Company, respondent, and its insurance carriers, United States Fidelity & Guaranty Company and Royal Indemnity Company, upon certain claims for compensation by L. F. Coulter, claimant, alleged to have accrued by reason of certain injuries suffered on December 4, 1926, while in the employ of respondent, and a change in conditions upon certain prior injuries suffered on May 26, 1925, and December 20, 1925, for both of which compensation had theretofore been allowed.

Upon conclusion of the hearing and consideration of the evidence, the Commission made its findings of fact as follows:

"That the testimony introduced by claimant is insufficient to show an accidental injury arising out of and in the course of claimant's employment on or about the 4th day of December, 1926. That the testimony is wholly insufficient to show any change in condition in claimant's disability as a result of an accidental injury on May 26, 1925, or on December 20, 1925."

Thereupon, the Commission entered its judgment of denial of the claims and dismissal of the cause. Upon denial of a rehearing claimant brought this proceeding for a review of the adverse judgment.

Claimant contends that the judgment of the Commission was erroneous on the ground that there was a want of evidence to support the findings of fact on which the judgment was based. In the nature of the

case proof of the cause and extent of claimant's disability depended on the testimony of two witnesses skilled in the science of medicine, who were acquainted with and had administered to claimant's injuries. St. Louis Mining & Smeltering Co. v. State Ind. Com., 113 Okla. 179, 241 Pac. 170. The one who had attended claimant in his former injuries was of the opinion that claimant's injuries of December 4, 1926, would not "cause any permanent disability," and that claimant had "some permanent disability from his former accident." The other, who had attended claimant in his later injury, held the opinion that "it was extremely difficult to determine definitely whether the man is malingering or not," and that he did "not believe there is any disability as a result of his injuries of December 4th." This evidence would tend to reasonably support the findings of fact on which the judgment was based, and thus negative and overcome the contention of claimant that there was a want of any supporting evidence.

The rule is well settled that, in a proceeding of review of a case arising under the Workmen's Compensation Law, the judgment of the State Industrial Commission is final upon issues of fact, and it will not be reviewed by the Supreme Court where the findings of fact on which the judgment is based are reasonably supported by any competent evidence in the record. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765; Courson v. Consolidated Fuel Co., 121 Okla. 170, 249 Pac. 155; Summers v. Bendelari, 128 Okla. 243, 262 Pac. 648; Oklahoma Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 Pac. 1062.

We are of the opinion that the cause in hand comes within the purview of the foregoing rule, and for which reason the judgment of the State Industrial Commission is affirmed.

BENNETT, REID, LEACH and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1916A, 266; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1500. (2) Workmen's Compensation Acts—C. J. p. 115, §114.