SOUDER v. MID-CONTINENT PETROLEUM CORP. et al.

No. 29185.　Sept. 17, 1940.

Rehearing Denied Oct. 1, 1940.

105 P. 2d 750.

John T. Cooper and John T. Cooper, Jr., both of Wewoka, for petitioner.

J. C. Denton, R. H. Wills, J. H. Crocker, F. A. Graybill, J. P. Greve, and I. L. Lockewitz, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Fred P. Souder, hereinafter referred to as petitioner, to review an order denying an award against the Mid-Continent Petroleum Company, respondent.

The petitioner filed a claim June 16, 1938, in which it is stated that he had sustained an accidental injury on May 30, 1938, when he tried to start an engine and strained his side severely and injured his back. After several hearings the State Industrial Commission entered its finding that the petitioner did not have an accidental injury resulting in disability and denied an award. To review this order petitioner presents two specifications of error.

It is contended by the petitioner that the commission erred in allowing Dr. Lowe to testify that he had examined the petitioner at the order of the State Industrial Commission on the motion of the respondent. Petitioner agreed to let the physician testify, and we find no merit in this contention. The authorities cited by the petitioner (Mid-Union Drilling Co. v. Graham, 184 Okla. 514, 88 P. 2d 619; Joy v. State Industrial Commission, 182 Okla. 1, 75 P. 2d 1120) are not in point, for they involve the admissibility of an ex parte statement of the physician taken with the agreement of the parties.

It is next contended that the undisputed evidence of the petitioner is that he sustained an accidental injury on May 30, 1938, and that the State Industrial Commission was without authority to disbelieve this undisputed evidence. We do not agree with this contention. It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O. S. 1931, 85 Okla. St. Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. Petitioner contends his disability is a result of an accidental injury. The respondent contends his disability is a result of disease or other causes. These questions were thoroughly investigated by the State Industrial Commission. Medical expert witnesses were examined by both parties. There is abundant evidence in the record that any disability the petitioner has is a result of disease and not due to accident. This court has repeatedly held both the cause and extent of a disability are questions of fact for the determination of the State Industrial Commission, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, its order either denying or sustaining an award will not be disturbed. Rose v. Champlin Refining Co., 184 Okla. 203, 86 P. 2d 317; Tucker v. Wilson & Co., 126 Okla. 122, 258 P. 905; Coulter v. Continental Oil Co., 130 Okla. 199, 266 P. 463; Perez v. Glove Ins. Co., 130 Okla. 45, 265 P. 114.

The order denying an award is sustained.

WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur.