ROBERTS v. MAGNOLIA PETROLEUM CO. et al.

No. 32965. Feb. 15, 1949.
Rehearing Denied May 10, 1949.

*205 P. 2d 1160.*

Claud Briggs, of Oklahoma City, for petitioner.

W. R. Wallace, of Oklahoma City, Wallace Hawkins, of Dallas, Tex., and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J.  Claimant, Loyd T. Roberts, filed his first notice of injury and claim for compensation April 15, 1946, stating that while employed by the Magnolia Petroleum Company he sustained an accidental injury on or about February 1, 1946, when he was struck on the head with a walking beam of a water well pump used in oil-field operations, which caused partial blindness.

After hearings conducted to determine the cause and extent of the disability, the State Industrial Commission entered its order finding that on January 10, 1946, the claimant while in the employ of respondent sustained an accidental personal injury in the nature of a blow on the head with a walking beam, and that the evidence is insufficient to establish that the claimant sustained any disability, either temporary or permanent, as a result of the injury.

This proceeding is brought to review the award, and the first proposition raised is that the order is not sustained by the evidence.  It was the contention of the claimant that as a result of the accidental injury he had sustained a partial loss of sight of both eyes.  For the purpose of determining this question he introduced the testimony of qualified physicians who sustained his contention.  It was the contention of the respondent that there was no disability resulting from the accidental injury, either temporary or permanent.  For this purpose they introduced testimony of qualified experts who sustained this proposition.

We have many times held that where the commission finds that there is no disability, either temporary or permanent, as the result of an accidental injury, and compensation is denied, the order will be sustained by this court where there is any competent evidence to support the same.  Souder v. Mid-Continent Petroleum Corp., 187 Okla. 698, 105 P. 2d 750; Hollis v. Mid-Continent Petroleum Corp., 174 Okla. 544, 51 P. 2d 498; Rose v. Champlin Refining Co., 184 Okla. 203, 86 P. 2d 317; Tucker v. Wilson & Co., 126 Okla. 122, 258 P. 905; Coulter v. Continental Oil Co., 130 Okla. 199, 266 P. 463; Perez v. Globe Ins. Co., 130 Okla. 45, 265 P. 114.

The State Industrial Commission accepted the testimony of witnesses for the respondent as the basis for its finding of fact.

In a final proposition, it is argued that this case should be determined under the rule announced by this court in Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625; Skelly Oil Co. v. Witty, 198 Okla. 384, 179 P. 2d 119; Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; McCarthy v. Forbes Painting & Decorating Co., 200 Okla. 555, 198 P. 2d 212, requiring the commission to make findings of fact and conclusions of law.  We find nothing in the order made in the case at bar which is indefinite and uncertain within the rule announced in these decisions, since the order in this cause found definitely that the petitioner sustained an injury but there was no disability, either temporary or permanent.

Order sustained.