WARD v. WHITEHILL OIL CO. et al.

No. 34361. June 20, 1950.

Rehearing Denied July 11, 1950.

*220 P. 2d 254.*

Kight & Brainard, of Claremore, for petitioner.

Fenton, Fenton & Thompson, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. On the 27th day of April, 1949, J. C. Ward, claimant, filed his first notice of injury and claim for compensation stating therein that about March 1, 1948, he sustained an accidental injury arising out of and in the course of his employment with Whitehill Oil Company while employed as a roustabout and pumper. The claim was afterwards amended to show em-

ployment by Ward Oil & Gas Company. Respondents filed an answer and among other things pleaded the one year statute of limitations. 85 O. S. 1941 §43. An award was denied without passing upon the question of statute limitations.

Claimant brings this proceeding and in a single issue argues that the State Industrial Commission erred as a matter of law in denying an award and asserts that the evidence shows beyond dispute that the claimant is suffering from a permanent partial disability as the result of an accidental injury.

Claimant testified that he is 42 years old and has been employed by the Ward Oil & Gas Company since 1932 and quit work March 16, 1949; that his first injury to his back was in 1934 and that he sustained a second injury in 1944; that prior to March 1, 1948, he discovered he couldn't do heavy work and his back began to get bad; that he was off a few days after March 1, 1948, because he went down in the back from lifting pipe; that before this he had been handling drilling machine supplies; that he reported to his boss, Sam Whitehill, field foreman, and was examined by Dr. Glass in 1948 and went to Dallas, Texas, at the suggestion of Mr. Whitehill, one of the owners of the Ward Oil & Gas Company, and was examined by Dr. Williams in February, 1949; that he wore a brace on the advice of Dr. Glass; that he finally got where he couldn't work, and March 16, 1949, was the last day he tried to work. Dr. N. Stuart White, testifying for claimant, stated that claimant gave the date of an accident January 1, 1944, and that following this date claimant attempted to work until March, 1948, and has not been able to work since then; that X-rays show a disc injury to the fourth and fifth lumbar disc; that as a result of a back injury at some time or other claimant has a permanent disability. The doctor estimated the disability at 40 to 50 per cent and stated that an operation might result in a reduction of the disability 10 to 15 per cent, but that such an operation is dangerous and not always successful.

Dr. K. D. Jennings, testifying for claimant, did not attempt to fix the cause of the disability. He stated he had examined him a few weeks before the date of the hearing. He further stated:

"The man seems to be much more nervous than usual. I have done his family practice for twenty-three years. I noticed a change in him. He has been coming up to visit me professionally, oh, the last two or three years with a back ailment that was periodically more disabling than at other times; but the last year, he has complained of the pain being so severe that it has totally incapacitated him for performing his duties. He has disability that involves the fourth and fifth vertebrae which upon motion produces pain in that region. X-ray pictures show a collapse of the discs of the fourth and fifth base, between the fourth and fifth lumbar vertebrae. That is the region where he has complained of pain upon movement."

He stated that his disability was permanent and fixed the degree of disability at 50 per cent.

Dr. Fred Glass stated that he first saw claimant on March 16, 1948, and obtained his history; that the onset of his present disability was in 1934 and it has developed since with some loss of time from work; that claimant has a congenital condition of the back and that his disability is not due to accidental injury.

Claimant has cited several cases dealing with the nature and definition of an accidental injury. Among these cases are Carden Mining & Milling Co. v. Yost et al., 193 Okla. 423, 144 P. 2d 969; Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425; and Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960. As we view the case at bar these cases are not in point. The testimony as to the cause of the disability in the case at bar is highly conflicting.

The disability of the claimant was of such a character as to require the testimony of skilled and professional persons to determine its cause and origin as well as its nature and extent. Andrews Mining & Milling Co. v. Atkinson, supra; Texas Co. v. State Industrial Commission, 183 Okla. 461, 83 P. 2d 369; Oklahoma Natural Gas Co. v. White, 184 Okla. 152, 85 P. 2d 756.

In Souder v. Mid-Continent Petroleum Corp. et al., 187 Okla. 698, 105 P. 2d 750, it is stated:

"Section 13349, O.S. 1931, 85 Okla. St. Ann. sec. 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. Petitioner contends his disability is a result of an accidental injury. The respondent contends his disability is a result of disease or other causes. These questions were thoroughly investigated by the State Industrial Commission. Medical expert witnesses were examined by both parties. There is abundant evidence in the record that any disability the petitioner has is a result of disease and not due to accident. This court has repeatedly held both the cause and extent of a disability are questions of fact for the determination of the State Industrial Commission, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, its order either denying or sustaining an award will not be disturbed. Rose v. Champlin Refining Co., 184 Okla. 203, 86 P. 2d 317; Tucker v. Wilson & Co., 126 Okla. 122, 258 P. 905; Coulter v. Continental Oil Co., 130 Okla. 199, 266 P. 463; Perez v. Globe Ins. Co., 130 Okla. 45, 265 P. 114."

The findings of fact made by the commission are supported by the evidence, and under the above cited cases it is neither the province nor the duty of this court to interfere with the order of the commission based thereon.

Order sustained.

CORN, LUTTRELL, and HALLEY, JJ., concur. ARNOLD, V.C.J., concurs in conclusion by reason of stare decisis. GIBSON, J., concurs under rule of stare decisis. JOHNSON, J., dissents.