CROCKETT v. J & J MINING CO. et al.

No. 34930.   March 18, 1952.

*242 P. 2d 133.*

H. G. E. Beauchamp, Miami, Bishop & Driscoll, Seminole, and Claud Briggs and Robert R. Garlow, Oklahoma City, for petitioner.

J. A. Tillotson, Tulsa, Fenton, Fenton & Thompson, Oklahoma City, and Mac Q. Williamson, Atty., Gen., for respondents.

CORN, J.   This is an original proceeding brought by Wayne D. Crockett, claimant, to review an order denying him an award.  Claimant filed his first notice of injury and claim for compensation stating that while employed by J & J Mining Company he sustained an accidental injury arising out of and in the course of his employment on April 9, 1949, when he sprained his back.  The trial commissioner denied an award and an appeal to the Commission en banc it affirmed the order of the trial commissioner.  The order in part is as follows:

"That on April 9, 1949, the claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back."

"That the claimant herein did not suffer any disability either permanent partial disability or temporary total disability as a result of said accidental personal injury, and he did not suffer any aggravation as a result thereof, but the claimant's condition is wholly due to pre-existing conditions, and his claim for compensation herein should be denied."

Claimant testified that on April 9, 1949, he was employed as a machine man in the mines of the J & J Mining Company; that he had finished drilling out and had loaded out his round and was coming off the stoke when his feet slipped out from under him and he fell; that a stoke is a sort of bench or ledge and that he slid for approximately five feet to the next lower level striking on the lower portion of his back; that he could not break his fall because he had an instrument known as a powder pole in one hand and an open pocketknife in the other; that the accident happened on a Saturday at the end

of the day and he said nothing to anyone about it and came back to work on Monday and Tuesday and went to work on Wednesday but quit and went home and went to Dr. Butler. He then went to the Picher Hospital and was there for fifteen days where he was treated by Dr. Ritter; that he was unable to go back to work because of pain in his back.

Dr. McNaughton testified for the claimant and gave as his opinion that claimant had sustained an injury to his coccyz and sacrum and that the injury was due to the accident of April 9, 1949.

It developed that claimant had sustained two former injuries to his back. Dr. Chesnut and Dr. Connell testified for respondent. Dr. Chesnut stated that there was no disability due to the injury of April 9, 1949. Dr. Connell testified that he had examined X rays of claimant taken prior to the accidental injury of April 9, 1949, and X rays taken subsequent thereto. He gave it as his opinion that claimant had not sustained any disability as a result of the accidental injury of April 9, 1949.

Thereafter claimant was examined by Dr. Sisler who made two examinations of claimant. Dr. Sisler first examined claimant on July 16, 1949. He stated that he found pain in the lower part of the back over the lumbo sacral and the sacrum; down the right leg over the lower right sacroiliac and the upper portion of the sacrum. He took X rays which showed a moderate rotation of the fifth lumbar on the sacrum and the lower portion of the right side of the sacrum just below the right sacroiliac joint appears to have a loss of continuity of the bony contour with an absence of a normal outline. He makes other statements descriptive of the condition he then found.

On July 19, 1949, the doctor made films which showed a slight compression fracture of the second lumbar vertebra. In his conclusion he stated that the disability was caused by the injury indicated in these two areas. He further stated that claimant is unable to do manual labor and that in his opinion this disability is due to the accidental injury of April 9, 1949.

Dr. Connell testified a second time stating that he had examined the X rays taken by Dr. Sisler and his testimony taken by deposition. It was his conclusion that this examination did not disclose any disability due to the accidental injury of April 9, 1949.

In his brief and reply brief claimant presents two general propositions. It is first argued that the order denying the award is not sustained by any competent evidence. Claimant asserts there is no competent evidence to sustain the finding of the State Industrial Commission when it is obvious that he seeks only to have this court weigh the evidence and adjudge it in his favor. We have repeatedly held that we will not weigh the evidence in such case. In Hollis v. Mid-Continent Petroleum Corp., 174 Okla. 544, 51 P. 2d 498, we said:

"It therefore appears that from the testimony, the nature of which has been many times approved by this court, submitted to the commission by competent physicians, they chose to adopt as their finding of fact those in support of the respondent. Under the above authorities, it is neither the province nor the duty of this court to interfere with the order of the commission based thereon."

And in Skaggs v. M. & W. Mining Co., 195 Okla. 423, 158 P. 2d 722, it is said:

" . . . Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okla. 527, 94 P. 2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. . . . "

See, also, Roberts v. Magnolia Pet. Co., 201 Okla. 370, 205 P. 2d 1160; Ward v. Whitehill Oil Co., 203 Okla. 277, 220

P. 2d 254; Edmonds v. Skelly Oil Co., 204 Okla. 471, 231 P. 2d 360.

In this connection claimant argues that the findings of the State Industrial Commission are inconsistent and that Dr. Connell testified that there was no pathology and the State Industrial Commission found that any disability was due to a pre-existing condition; that there is no medical evidence upon which to base this finding. Claimant relies upon Garrett v. Board of County Com'rs of Caddo County, 203 Okla. 487, 223 P. 2d 368. That case is readily distinguishable from the case at bar. It is axiomatic that the disability must be proved by medical evidence. Hollis v. Mid-Continent Pet. Corp. supra, and cases therein cited. However, the testimony of Dr. Connell is sufficient to sustain the finding that any condition of claimant is due to other causes than the accidental injury of April 9, 1949.

In the second proposition it is stated that the order violates 85 O. S. 1951 §77, as construed by this court in Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625, and followed in Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159, and McCarthy v. Forbes Painting & Decorating Co., 200 Okla. 555, 198 P. 2d 212. With this contention we do not agree. In Souder v. Mid-Continent Petroleum Corporation, 187 Okla. 698, 105 P. 2d 750, it is stated:

" . . . It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O. S. 1931, 85 Okla. St. Ann. §2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. . . ."

Also, see Capshaw v. Lawson, 194 Okla. 237, 149 P. 2d 333.

The order made is sufficient. Edmonds v. Skelly Oil Co., supra; Skaggs v. Bennett Van & Storage, Inc., 204 Okla. 32, 226 P. 2d 419; Mansfield v. Industrial Service Co., 203 Okla. 384, 222 P. 2d 373.

We find no error of law requiring that the order be vacated.

Order sustained.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.