Tim WOOD, Petitioner,

v.

OKLAHOMA COLD STORAGE COMPANY, Connecticut Indemnity Company and the State Industrial Commission, Respondents.

No. 36967.

Supreme Court of Oklahoma.

March 6, 1956.

Rehearing Denied July 20, 1956.

Schwoerke & Schwoerke, Oklahoma City, for petitioner.

Fenton & Fenton, Frank E. Hensley, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On February 8, 1955, Tim Wood, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Oklahoma Cold Storage Company, employer, he sustained an accidental injury on June 15, 1954. An award was denied by the State Industrial Commission and this proceeding is brought by claimant to review the order denying an award.

A review of the evidence discloses that claimant was employed as a laborer in respondent's cold storage department. He stated that on the date in question he strained himself while hauling a heavy load of meat. This meat was loaded on a truck to be carried from one storage place to another, and while pulling the truck he sustained an abdominal injury. He reported to his superior and went to a hospital in Oklahoma City where he was examined by a physician who gave him a note to deliver to his employer. The physician who had examined claimant advised him that he had sustained an epigastric hernia. His superior advised him that if he had sustained a hernia it would be necessary to have it operated, but did not direct him to go to any particular physician. On June 28, 1954, he went to a surgeon in Wewoka and was operated for a possible hernia. No hernia was found. The doctor removed his appendix and he remained in the hospital after the operation. Infection developed in the wound. He was then sent to a hospital in Oklahoma City where he remained until he recovered from the operation and the consequent infection. He returned to work in September of 1954 and was paid full wages in lieu of compensation, sometimes working at lighter work and sometimes being absent from his work. On February 2, 1955, he was discharged and received full compensation up to that date. It is not disputed that by February 2, 1955, he had recovered from temporary disability.

The report of the physician for claimant discloses a disability resulting from the operation and in this report Dr. F states:

"It is my opinion that the patient has a 20% partial permanent disability to his right hand by reason of the ulnar paralysis and that he has a 30% partial permanent disability to the body as a whole by reason of the abdominal surgery and the injury to this area and by reason of the complications of a thrombosis in the deep vessels on the right side."

Dr. W also filed a statement addressed to the claimant but it does not materially differ in any respect as to a disclosure of disability.

Dr. L filed a report for the respondents and the substance of this report is to the effect that claimant has recovered from any disability due to the operation and is now suffering from thrombophlebitis of the right leg, and that he has no other disability.

In three propositions claimant argues that the undisputed evidence discloses that claimant has a disability due to the accidental injury. The evidence discloses without substantial conflict that claimant had appendicitis and any pain he had in the abdominal region, which had been diagnosed as an epigastric hernia, resulted from this condition. Claimant refers to the statement of Dr. F, quoted above, and cites Skelton Lead & Zinc Co. v. Bagby, 166 Okl. 214, 27 P.2d 168, wherein this court stated:

"Where an injured employee submits to a surgical operation tendered to him by his employer for the purpose of perfecting a cure to restore his earning capacity, such employer is liable for compensation under said Workmen's Compensation Law for the dis-

ability, if any, which may follow as result of said surgical operation regardless of any aggravation of any prior injury or the neglect or unskillfulness or error of judgment of the physician selected by the employer."

Assuming, without deciding, that the statement of Dr. F, above referred to, is sufficient to support a finding that the leg injury is due to the accidental injury, or the operation and resulting infection, there is substantial evidence of the doctor for the respondents, together with the statement of Dr. W filed for claimant, that any disability resulting from the operation did not result in any injury that is permanent, and that any injury due thereto has healed and the only disability that claimant now has is the disability resulting from the thrombophlebitis which is described as a disease of the veins and affects the right leg. There is no evidence in the record that this injury to the right leg is due to any accidental injury that is established or claimed to have occurred during the course of claimant's employment. The cause and extent of the disability was therefore resolved as a question of fact and the finding of the State Industrial Commission that there was no disability resulting from an accidental injury will not be disturbed on review. Standard Roofing & Material Company v. Mosley, 176 Okl. 517, 56 P.2d 847.

In this connection it is argued that the finding of the State Industrial Commission, to the effect that the claimant did not sustain any accidental injury, is without basis for the reason that it is undisputed that he did sustain an injury on the date in question that resulted in pain in the abdominal region. In Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750, in discussing a similar question we stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not [have] an accident on the 30th day of May, 1938. Section 13349, O.S. 1931, 85 Okl. St.Ann. § 2, has a definite

meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

Such is the situation in the case under consideration. The claimant does not argue that the finding is indefinite and uncertain and that the proceeding should be returned to the Commission for a further finding but argues only that it is the duty of this Court to review the evidence and find that there is competent evidence to sustain the finding and order an award made thereon. As above stated there is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that no permanent disability resulted from the accidental injury of June 14, 1954.

The order denying the award is sustained.