Alva LARGENT, Petitioner,

v.

PERRY CONSTRUCTION COMPANY, Tri-State Insurance Company, and State Industrial Commission, Respondents.

No. 37765.

Supreme Court of Oklahoma.

Oct. 15, 1957.

Fermon Hatcher, Pauls Valley, Paul Pugh, Oklahoma City, on the brief, for petitioner.

J. I. Gibson, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On January 8, 1957, Alva Largent, petitioner herein, filed a claim for compensation with the State Industrial Commission against Perry Construction Company and its insurance carrier, Tri-State Insurance Company, in which he states that on December 28, 1956, while in the employ of the construction company he sustained an accidental injury consisting of an injury to his lower back and left leg resulting in some disability to his person; that the accident occurred while he was engaged in assisting other employees carry a water pipe line over rough ground and as he stepped on a terrace the weight of the pipe shifted upon him causing the injury above stated.

The trial judge at the conclusion of the evidence found that the disability sustained by claimant, if any, is not due to the alleged accidental injury of December 28, 1956, and upon such finding entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and among other contentions raises the contention that the order is not supported by the evidence. This contention requires a review of the evidence.

It was stipulated at the trial that on the 28th day of December, 1956, petitioner was in the employ of respondent Perry Construction Company and was engaged in a hazardous employment and that on said date he sustained an accidental injury arising out of and in the course of his employment.

Under the stipulation the only question remaining for determination was the question as to the extent of disability, if any, sustained by petitioner as a result of his injury.

Petitioner, in substance, testified that on December 28, 1956, while in the employ of respondent Perry Construction Company he sustained an accidental injury consisting of injury to his lower back, hip and left leg; that the injury occurred while

he was assisting other employees in carrying a four inch water line; that in doing so he stepped on a terrace which shifted the weight of the load upon him and as a result thereof he felt severe pain in his lower back, hip and left leg and by reason thereof he was not able to continue at his work and has been unable to do any work since that time; that prior thereto he was an able-bodied man, had never experienced any trouble with his back and was able to do ordinary manual labor.

The medical evidence consists of written reports of four different doctors each of whom examined petitioner and filed written reports of his findings which were admitted in evidence by agreement.

Dr. H in his report states that petitioner came to him for examination on the 16th day of January, 1957. He gave the following history of the case:

"* * * that about 1 p. m. on 12/28/56 he was a member of a four-man crew engaged in laying 2″ water lines running from a slush pit to a well. The distance involved was about 50 yards. He states that the crew was carrying about one-fourth mile line of pipe that was joined together to lay the pipe. As he was carrying his portion of the load he was obliged to climb over a terrace on the ground and this placed additional weight on him and he states he developed a severe burning pain in the low back and left hip region. * * *"

The doctor examined petitioner, including examination of x-ray taken by another doctor, and after stating in detail conditions found to exist as a result of his examination further stated:

"* * * The examination discloses definite evidence of impairment of circulation in the left lower extremity. This deficiency, in my opinion, is responsible for the burning type of pain of which he complains in the left foot after walking short distances. In my opinion it is also responsible for the sensation of aching which he experiences in this extremity. He has subjective pain in the low back and by examination there is muscle spasm and local soreness in the low back. It is my opinion that he has sustained a lumbosacral strain of moderate severity in the low back secondary to his injury and that at the present time he is disabled for the performance of his regular occupation as a result of this injury. * * * So far as the low back is concerned, it is believed that with adequate time and supportive therapy his complaints will be gradually overcome. I would anticipate two to three months recovery time for this entity. Examinations at a later date would be necessary to determine his progress."

Another doctor in his report states that he saw and examined petitioner on January 21, 1957. He obtained a history from petitioner which is substantially as stated by Dr. H in his report. The doctor after examining petitioner, including examination of x-rays made by another doctor, and after stating in detail conditions found to exist, further stated that x-ray shows the following: The lumbar spine and pelvis show no fractures. The joint space between L-4 and L-5 is slightly narrowed due to degenerated or ruptured disc. Slight arthritic spurring is present in the spine and hip joint. The doctor then concludes:

"This patient has narrowing of the joint space between L-4 and L-5 on x-ray. He has atrophy of the left leg, hypesthesia of the left leg, decreased left ankle jerk and local tenderness over the lower lumbar spine.

"In my opinion this patient is temporarily totally disabled from performing any type of manual labor. I feel present conservative measures should be continued until healing reaches a maximum. If patient does not improve markedly then re-evaluation should be done and surgery considered for the ruptured disc."

Dr. F who examined petitioner on January 15, 1957, in his written report states

that his examination, including x-ray examination, reveals that the patient has some degenerative arthritis in the lower lumbar region of his back; that nothing else abnormal was noted. There is no evidence of fracture and he expresses the following opinion:

"From the physical examination and x-ray examination of this patient today he appears to be a degenerative arthritic. There is no evidence of any traumatic pathology present here at this time. He is still being treated by the attending physician, but it would be my impression that his period of treatment should be terminated and the patient should be allowed to resume work. At this time it would be my impression that his period of temporary total disability is terminated. No further medical treatment is indicated. It is my opinion that the patient has no permanent disability for the performance of ordinary manual labor as the result of the above stated accident."

Dr. B in his report states that he first saw and examined petitioner on December 31, 1956; that his examination revealed that there was some spasm of the lower muscles. Radiological examination of the back revealed no evidence of trauma. The doctor then expressed the following opinion:

"The patient was treated with diathermy, analgesics and antispasmotics for a period of two (2) weeks, at which time he was re-examined. Findings this time were identical to the findings at the initial examination. Spasm was still present in the lumbar muscles, but appeared to be entirely voluntary. The findings and clinical course were strongly suggestive of a lack of sincerity on the part of the patient. On January 17, 1957, he was given a release to work.

"In conclusion, there is no permanent disability as a result of this alleged injury."

This, in substance, constitutes the evidence in the case.

It will be noted that petitioner offered medical evidence to the effect that as a result of his injury occurring on December 28, 1956, he was temporarily totally disabled and in need of further treatment.

Respondents offered in evidence the medical reports of two doctors each of whom stated that petitioner as a result of his injury sustained no permanent disability. Neither of them, however, stated that in his opinion petitioner suffered no temporary disability as a result of said injury.

Upon this evidence the Commission found that petitioner sustained no disability as a result of his injury occurring December 28, 1956. We do not think the evidence supports that finding. An order based thereon denying compensation therefore cannot stand.

The view taken renders it unnecessary to pass upon the other questions raised by petitioner.

Order vacated for further proceedings.

WELCH, C. J., CORN, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.