Bazell JAMISON, Petitioner,

v.

BIG FOUR FOUNDRY COMPANY, Inc.,
and the State Insurance Fund, and the
State Industrial Commission, Respondents.

No. 38083.

Supreme Court of Oklahoma.

March 3, 1959.

Richard Dillon, Tulsa, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for respondents.

BERRY, Justice.

Bazell Jamison, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Big Four Foundry Company, Inc., employer, he sustained an accidental injury arising out of and in the course of his employment on October 2, 1956. An award was denied by the State Industrial Commission and this proceeding is brought by claimant against the employer and its insurance carrier, State Insurance Fund, to review the order denying the award.

Claimant testified that he was a cleanup laborer and on October 2, 1956, he was rolling a heavy piece of iron, weighing approximately two hundred pounds when he hurt his back. He notified his foreman who told him to see a doctor and get some pills. He continued to work until March 13, 1957. He went to a veterans hospital April 26, 1957, and was there until May 3, 1957. He quit work March 13, 1957, and has not returned to work and has not performed any manual labor at any regular employment since that time.

The State Industrial Commission in its order denying the award stated:

"The Trial Judge, having considered the evidence, records and being fully advised in the premises, finds:

"That claimant's claim for compensation for his alleged injury of October 2, 1956, to his back, should be denied for the reason that he did not sustain an accidental personal injury arising out of and in the course of his employment; and that his present condition of his back is due to pre-existing arthritis and not to said alleged injury,

"It is, therefore, ordered, That claimant's claim for compensation filed herein April 26, 1957, should be and the same is hereby denied."

On appeal the order contains the following:

"After reviewing the record in this case, and being fully advised in the premises, said judges find that said order should be modified as set out below.

"It is therefore ordered that the order of the Trial Judge heretofore entered in this case on August 21, 1957, be and the same hereby is modified as follows:

"That finding of Fact No. 1 in said order finding that claimant had no accident be deleted, and it is ordered that claimant's claim for compensation be and hereby is denied for the reason claimant's disability is not caused by an accident but by disease."

In four propositions in the brief, claimant argues that the State Industrial Commission erred in denying the award. Claimant states the Workmen's Compensation Act, 85 O.S.1951 Section 1 et seq., should be liberally construed. He cites Pacific Employers Ins. Co. v. Industrial Accident Commission, 26 Cal.2d 286, 158 P.2d 9, 159 A.L.R. 313; Bianco v. Industrial Accident Commission, 24 Cal.2d 584, 150 P.2d 806; Mary Len Mine v. Industrial Accident Commission, 64 Cal.App. 2d 153, 148 P.2d 106. These cases do not involve questions of fact as to the cause and extent of disability and are not applicable.

Claimant argues the State Industrial Commission ignored the testimony of a competent medical expert. Claimant cites in support of the argument Largent v. Perry Const. Co., Okl., 316 P.2d 852. The cases applicable are Sanders v. State Industrial Commission, Okl., 331 P.2d 478; Wood v. Oklahoma Cold Storage Co., Okl., 299 P.2d 166; Price v. Spartan Aircraft Co., Okl., 275 P.2d 705; Edmonds v. Skelly Oil Co., 204 Okl. 471, 231 P.2d 360; McDaniel v. Douglas Aircraft Co., Inc., 200 Okl. 221, 192 P.2d 651.

Dr. S. filed a report for the claimant in which he states claimant is totally and temporarily disabled and that his condition is due to the accidental injury of October 2, 1956, by reason of lighting up a former arthritic condition.

Two medical experts filed reports for respondents and their conclusion is that claimant has no disability due to accidental injury and that there is no evidence the disability is due to any injury.

In Price v. Spartan Aircraft Co., supra, it is stated:

"Whether disability is due to compensable injury or other cause is a question of fact for the determination of the State Industrial Commission in a hearing on this question, and this court will not disturb the finding made by said commission thereon if there is any competent evidence reasonably tending to support said finding."

In McDaniel v. Douglas Aircraft Co., Inc., supra [200 Okl. 221, 192 P.2d 653], we stated:

"As was said in Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847: 'The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.'

"And as noted in Hazel-Atlas Glass Co. et al. v. Greenwood et al., 178 Okl. 69, 61 P.2d 639, 640: 'In an ac-

tion to review an award of the State Industrial Commission, this court will not review the evidence to determine the weight and value thereof on questions of fact.'

"The Commission found the evidence unconvincing to its mind and insufficient to establish a causal connection between claimant's disability and the accident and denied the claim for compensation. We will not weigh the evidence and substitute our judgment for that of the Commission. * * *"

 There is competent evidence reasonably tending to support the finding that the disability is not due to an accidental injury.

 Finally we consider the argument that the award is vague and indefinite. In this connection claimant calls our attention to the language in the order finally made, stating that the disability is not due to an accidental injury. Similar language used in orders of the State Industrial Commission has been discussed in former opinions of this court. In Souder v. Mid-Continent Petroleum Corporation, 187 Okl. 698, 105 P.2d 750, it is stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349 O.S. 1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *."

In Corzine v. Compress, 196 Okl. 259, 164 P.2d 625, 626, it is stated:

"* * * The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident. 85 O.S.1941, § 11; Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937."

In connection with this argument, claimant states there was no specific finding as to temporary disability. We do not agree. The finding above that the disability is not due to an accidental injury includes both temporary and permanent disability and the finding is supported by the reports of medical experts of the respondents. The order is not vague and indefinite and the evidence supports the finding that the disability is not due to an accidental injury.

The order denying the award is sustained.