**BARTLETT-COLLINS GLASS MFG. CO. et al. v. BROTHERTON et al.**

No. 21108. Opinion Filed Oct. 28, 1930.

Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding to review a judgment and award made by the State Industrial Commission of Oklahoma in favor of the claimant, Robert Brotherton, and against the Bartlett-Collins Glass Manufacturing Company and Aetna Life Insurance Company, insurance carrier, for permanent total disability.

It appears from the evidence that claimant had been working for the Bartlett-Collins Glass Manufacturing Company for about 6 years, during which time he had been in good physical condition. On April 16, 1928, in the course of claimant's work at the glass company, and while engaged in pulling on a lever in an effort to extract a piece of glassware from a mold, the lever broke, causing claimant to fall with considerable force on the floor. The fall resulted in a hernia, and injuries to claimant's spine and back.

The insurance carrier tendered an operation for the hernia, which claimant accepted, and which operation was successful, in so far as the hernia was concerned.

The record discloses that claimant returned to work at various intervals, but each time was compelled to return home and undergo treatment because of dizziness and a weak nervous condition.

Thereafter, claimant filed claims with the State Industrial Commission, setting up that he had sustained other injuries than the hernia, which other injuries were in

the nature of permanent injuries to the nerves in his back. The Commission, acting upon said claims, held various hearings, and on January 25, 1930, entered the following order and award, to wit:

"1. * * * That on and prior to April 16, 1928, claimant, Robert Brotherton, was in the employment of respondent. Bartlett-Collins Glass Manufacturing Company, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

"2. That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on April 16, 1928, by reason of a fall.

"3. That claimant sustained a hernia from said fall, an operation was tendered by respondent and insurance carrier, accepted, and said claimant received compensation for a period of 8 weeks, for temporary total disability.

"4. **That claimant is permanently and totally disabled** and that said permanent and total disability is a result of other injuries sustained by reason of the aforesaid accident while in the course of his employment on the 16th day of April, 1928.

"5. That the average wage of claimant was $8 at the time of the accident.

"The Commission is of the opinion: That on consideration of the foregoing facts, claimant is entitled to compensation at the rate of $18 per week, computed from the 16th day of June, 1928, to this date, January 25, 1930, and that compensation at the rate of $18 per week be paid claimant herein until further ordered by this Commission, **or until a percentage of permanent disability, if any, can be more definitely determined.**

"6. It is therefore ordered: That within 10 days from this date the respondent, Bartlett-Collins Manufacturing Company, or its insurance carrier, Aetna Life Insurance Company, pay to claimant compensation for 84 weeks, temporary total disability in the sum of $1,512 computed from the 16th day of June, 1928, to January 25, 1930, and continue said compensation at the rate of $18 per week until further ordered by this Commission, **or until the percentage of permanent disability, if any, can be more definitely determined,** and also pay all medical expenses incurred by said claimant as a result of this aforesaid accident. * * *"

Under the view that we take in this case, it is necessary for us to consider only the third assignment of error urged by the petitioners, that "The award is indefinite and uncertain," and, therefore, void.

After a careful reading of the foregoing order and award by the Industrial Commission, we are unable to form any definite conclusion as to whether the Commission made the finding that claimant was "totally disabled" forever, or that he was "partially disabled."

In the finding of fact No. 4, above, the Commission finds that claimant is "permanently totally disabled."

In the finding of fact No. 3, above, the Commission makes reference to an allowance for "temporary disability."

It is said by petitioners in their brief:

"This statement of an allowance for temporary disability contradicts a conclusion of permanent total disability, since temporary total disability would naturally be included in permanent total disability."

Again, the finding by the Commission in paragraph No. 4, that claimant is "permanently and totally disabled," is contradicted in the statement of conclusions by the Commission wherein the Commission found that claimant was entitled to compensation until further order of the Commission, "or until the percentage of permanent disability, if any, can be more definitely determined."

In Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 Pac. 522, this court held:

"Where the conclusions of fact and rulings of law of the Commission are too indefinite and uncertain for judicial interpretation, the Supreme Court, on appeal from an award based thereon, cannot review the award or decision."

We are of the opinion, and hold, that the findings herein made by the Commission are too indefinite and uncertain for judicial interpretation.

This cause is, therefore, remanded to the Commission, with directions to vacate the findings and award made herein and for further proceedings not inconsistent herewith.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., absent.

Note.—See under (1) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. pp. 827, 828; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211.