**CHICKASHA MOTOR CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 26509.    Oct. 22, 1935.

Butler & Brown, for petitioners.

Melton & Melton, for respondents.

CORN, J. This is an original proceeding in this court to review an award of the State Industrial Commission awarding compensation to the respondent herein. Hereinafter he will be referred to as the claimant.

The claimant was employed by the Chickasha Motor Company as a mechanic. His duties consisted in repairing automobiles, and after repairing them, it was his duty to test the automobiles to determine whether they were in condition to safely operate. While testing a car which he was repairing, he drove the car out into a street, and about two blocks from the garage had a collision with a truck owned by Wagnon Brothers of Duncan, Okla., in which collision he was injured. A claim for the injury was prosecuted before the State Industrial Commission against the employer and the insurance carrier, the Casualty Reciprocal Exchange, and the claimant was awarded $107.68 in addition to hospital, medical, and doctor bills incurred by reason of the injury. The case is presented for review on the petition of said employer and insurance carrier.

The petitioners contend:

"That the injuries did not 'arise out of the employment' within the meaning of the Workmen's Compensation Law, but were solely the result of a common hazard, to wit, an ordinary automobile accident."

In order for an accidental personal injury to be compensable under the Workmen's Compensation Act, it must have been sustained both "in the course of" the employment and "arising out of" the employment, within the meaning of section 13351, O. S. 1931.

That the accident and the resulting injury occurred "in the course of" the employment is unquestioned, thus leaving for determination only the question as to whether the cause of the injury arose "out of" the employment.

It has been repeatedly held by this court that "out of" the employment, as used in the law, means that there is apparent to the rational mind, upon consideration of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108; Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. (2d) 844; Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647.

That there was a causal connection between the conditions under which the claimant was required to work and the resulting injury is too obvious to require much discussion. It is true that the hazard to which he was exposed was a hazard common to all who operate motor vehicles upon busy streets or thoroughfares, but it is also true in this case that the very nature of the work the claimant was required to perform

in the course of his employment necessarily exposed him to this hazard; and this is the test that determines the issue here involved.

Petitioners further contend:

"That the claimant failed to comply with the Workmen's Compensation Law with reference to executing an assignment of claim against the third party wrongdoer, and having executed a release to the third party, made an election of remedies and is barred from recovery of compensation from his employer or his employer's insurance carrier."

Claimant's injury was caused by the negligence or wrong of another not in the same employ, to wit, a truck driver of Wagnon Brothers of Duncan, Ok'a. Soon after claimant's release from the hospital following his injury, he and his employer, the Chickasha Motor Company, were contacted by an insurance adjuster for the Yorkshire Indemnity Company, the company carrying a public liability insurance policy for the Wagnon Brothers truck. A settlement was made wherein the Yorkshire Indemnity Company paid the Chickasha Motor Company $250 for the damages done to the car claimant was driving when injured. Claimant was asked to execute a common-law release to the Yorkshire Indemnity Company of his claim for his injuries, but he refused to execute the same until he was assured by Mr. Clark Pool, local representative for the Casualty Reciprocal Exchange, that the release would not affect his right to compensation in any way, and the Yorkshire Indemnity Company's representative promised to return the release if it did.

Section 13371, O. S. 1931, provides that:

"No agreement by an employee to waive his right to compensation under this act shall be valid."

The claimant received no consideration for signing the release and the same is invalid and without any force or effect.

Therefore, the petitioners' contention that the execution of the release constitutes an election of remedies, and that the claimant is thereby barred from recovery of compensation from his employer or the insurance carrier, is without merit. The record shows that the claimant gave notice in writing to the Commission and to his employer on the form provided by the Commission for that purpose within 30 days after the date of injury, as required by the statute, and it is therefore an evident fact that the claimant had no intention of pursuing his remedy against the third party, but elected to take compensation under the Workmen's Compensation Act.

It appears from the record that the claimant failed to execute an assignment of his cause of action against the third party to the insurance carrier at the time of filing his claim for compensation, or at any time subsequent thereto, and the insurance carrier contends that this omission defeats his right to recovery of compensation.

Section 13368, O. S. 1931, provides as follows:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensaton, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Pursuant to the foregoing section the State Industrial Commission adopted Rule 22, which provides as follows:

"Injury by Negligence of Another. If a workman entitled to compensation be injured by the negligence of another not in the same employ as set out in section 7302, C. O. S. 1931 (sec. 13368, O. S. 1931), the employee shall e'ect whether to take compensation under the Workmen's Compensation Act or pursue his remedy at common law against such other in the following manner:

"If he elects to take compensation he shall notify the Commission and shall make an assignment of his cause of action against such other person to the insurance carrier, and if he elects to pursue his remedy against such other person causing injury, he shall in writing notify the Commission and the insurance carrier. In the event he fails to make such notification, the Commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than his compensation would have been under the Workmen's Compensation Act."

It wi'l be observed that Rule 22, supra,

prescribes that "if he elects to take compensation he shall notify the Commission and shall make assignment of his cause of action against such other person to the insurance carrier. * * *" Section 13358, O. S. 1931, provides that notice shall be given to the Commission and to the employer within 30 days after the injury, unless excused by the Commission either on the ground that notice for some sufficient reason could not be given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. But neither the statute nor the Commission rules definitely fix the time in which the assignment shall be made.

In this case the insurance carrier is not in a position to complain about the assignment not having been made, for the reason that it denied liability from the beginning and has never demanded the assignment, nor shown a willingness to accept the assignment. It took the position that the common-law release executed by claimant to the Yorkshire Indemnity Company constituted an election to pursue his remedy against the third party, and that the same constituted a settlement and satisfaction of his claim. Under such conditions the claimant is excused from making the assignment until such time as the insurance carrier shows a willingness to accept it.

The petition for review is denied, and the order of the Commission is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.