CORZINE v. TRADERS COMPRESS et al.

No. 31529.    Dec. 18, 1945.

*164 P. 2d 625.*

Claud Briggs, of Oklahoma City, for petitioner.

Cheek, Gibson, Savage & Benefield, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

OSBORN, J. This is an original action in this court to review an order of the State Industrial Commission denying the claimant, Wylie B. Corzine, an award for disabilities due to an accidental injury.

Claimant filed his first notice of injury and claim for compensation on April 7, 1942, alleging an accident on November 29, 1941, while working for Traders Compress, a corporation, in the city of Chickasha, Okla. On April 14, 1942, claimant filed an amended claim alleging that the accident occurred November 29, 1941, but that disability did not develop until on or about February 1, 1942. The respondents, Traders Compress and its insurance carrier, filed a general denial; alleged failure to give notice of the injury within 30 days and prejudice to them by such failure, and alleged further that claimant's disability was not the result of the accident alleged, but was due to a pre-existing condition.

The claim was heard before a trial commissioner. Claimant's testimony to the effect that on November 29, 1941, he accidentally stepped in a hole in the floor of a platform attached to one of the respondent's buildings, while engaged in the performance of his duties, was undisputed, the real controversy in the case apparently being upon the question of whether or not his subsequently asserted disability was due to the accident. At the conclusion of all the evidence the trial commissioner entered an order denying claimant an award.

· This order, omitting the formal parts, reads as follows:

· " . . . and the Trial Commissioner ·having considered the evidence, the records on file and being well and fully advised in the premises, finds:

"That the evidence is insufficient to show claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent on November 29th, 1941."

On review, the commission sitting en banc affirmed and adopted the order of the trial commissioner.

Claimant urges that the award must be reversed because his testimony as to the occurring of the accident is undisputed, and further urges that the commission should have made a finding of fact as to whether or not he failed to give notice of the accident as required by the statute. Respondents argue that the decision of the commission on any question of fact is final, and that the commission is not required to believe the undisputed testimony of claimant as to the occurrence of the accident.

We deem it unnecessary to pass upon these questions as, in our judgment, the conclusion of the trial commissioner, which was adopted by the commission, that the evidence is insufficient to show that claimant sustained an accidental personal injury is too indefinite and uncertain to enable us judicially to interpret it. We are unable to determine whether the commission intended to find and hold that the accident testified to by claimant did not occur, or whether it intended to hold that claimant did not receive a compensable injury by reason of such accident, and that the disability which he claims he subsequently suffered did not result therefrom, or whether the commission intended to find that the accident did occur and resulted in disability, but that same did not arise out of and in the course of the workman's employment. The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident. 85 O. S. 1941 § 11; Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okla. 13, 132 P. 2d 937.

The commission is required to make findings of ultimate facts responsive to the issues upon which its orders are based and they should be sufficiently definite to enable this court, on appeal therefrom, to pass intelligently upon the correctness or incorrectness of such orders. Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522; Bartlett-Collins Glass Mfg. Co. v. Brotherton, 145 Okla. 284, 292 P. 822.

The finding and conclusion made herein by the commission is too indefinite and uncertain for judicial interpretation. Order vacated and the cause remanded for further proceedings not inconsistent herewith.

HURST, V. C. J., and BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, C.J., and RILEY and CORN, JJ., dissent.