ADAMS v. CITY OF ANADARKO
et al.

No. 32754. April 29, 1947.

*180 P. 2d 159.*

Claud Briggs and John Morrison, both of Oklahoma City, for petitioner.

H. R. Palmer and Looney, Watts, Fenton & Billups, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court to review an order of the State Industrial Commission denying petitioner, Claude A. Adams, compensation for an injury alleged to have been sustained while in the employ of respondent, city of Anadarko. Petitioner filed his first notice of injury and claim for compensation on July 4, 1945, wherein it is stated that on the 15th day of August, 1943, while in the employ of the city of Anadarko and engaged in cleaning a grandstand and sprinkling the race track on the fair grounds located in the city of Anadarko, he suffered a heat stroke which resulted in permanent dis-

ability. Respondent city of Anadarko and its insurance carrier filed an answer in which it denied that petitioner sustained an accidental personal injury arising out of and in the course of his employment and also alleged that petitioner failed to give written notice of such injury as provided by statute and the commission is without jurisdiction to award compensation.

The claim was heard before a trial commissioner. Petitioner testified that on August 15, 1943, while engaged in the employ of respondent, city of Anadarko, and while engaged in cleaning a grandstand and sprinkling a race track, he suffered a heat stroke, and that ever since said time he has been unable to perform ordinary labor. He also offered testimony tending to show the conditions surrounding the place in which he was required to work. It is shown that he was required to work immediately in front of the grandstand, which was 300 feet long and about 20 feet high; that the race track was partially inclosed with a board fence about seven feet high which prevented the free circulation of air and that he was thus exposed to the danger of a heat stroke. The medical testimony is conflicting on the question as to whether the subsequent disability admittedly suffered by petitioner resulted from the heat stroke. There is some medical testimony to the effect that petitioner's condition or disability was not caused by the heat stroke but was caused from a pre-existing condition. The trial commissioner, after excusing petitioner's failure to give the statutory written notice of injury and after finding that respondent suffered no prejudice by reason thereof, found the issues generally in favor of petitioner, and further found that by reason of the accidental injury resulting in a heat stroke petitioner sustained a 90% permanent partial disability to the body as a whole and awarded him compensation accordingly.

This award was vacated on appeal to the commission en banc. The commission, after finding that petitioner al-

leged that he sustained an accidental personal injury arising out of and in the course of his employment consisting of a heat stroke, further found:

"That the evidence introduced herein is insufficient to show that claimant sustained an accidental personal injury, resulting in a heat stroke, arising out of and in the course of his employment with respondent on August 15, 1943, and, therefore, claimant's claim for compensation herein should be denied."

Upon this finding the commission entered an order denying petitioner compensation.

Petitioner contends that the finding and conclusion of the commission is too indefinite and uncertain for judicial interpretation; that the commission made no definite finding as to whether petitioner did or did not sustain an accidental injury; that it is impossible to determine from such finding and conclusion whether the petitioner's claim was denied because the commission did not believe that he had suffered a heat stroke or because it may have believed that, although he did suffer such stroke, it did not arise out of his employment, or because it did not believe that he suffered any compensable injury therefrom. We think petitioner's contention correct. Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522; Bartlett-Collins Glass Mfg. Co. v. Brotherton, 145 Okla. 284, 292 P. 822; Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625. In the case last above referred to, we held:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

The finding and conclusion of the commission referred to in that case is identical with the finding and conclusion of the commission in the instant case. We therefore hold that such finding and conclusion is too indefinite and uncertain for judicial interpretation.

Order vacated and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.