## MANSFIELD v. INDUSTRIAL SERVICE CO. et al.

No. 34254. June 27, 1950.

Rehearing Denied Sept. 19, 1950.

*222 P. 2d 373.*

Paul Pugh and Harry L. Atkinson, both of Oklahoma City, for petitioner.

Butler & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. On January 11, 1949, F. M. Mansfield filed his first notice of injury and claim for compensation, stating that he was injured on December 29, 1948, while in the employ of Industrial Service Company of Cushing, Oklahoma. After hearings conducted to determine the cause and extent of his disability, an order of the State Industrial Commission denying the award was entered, and this proceeding is brought to review that order.

Claimant testified that he was employed by the Industrial Service Company of Cushing, Oklahoma, a partnership consisting of W. W. Howell and E. A. Rutledge, doing painting, sand blasting and welding, and had been so employed for three years. That prior to November, 1948, he had been employed in Oklahoma, but at that time he went to Illinois with his company. That on December 24, 1948, he and E. A. Rutledge, one of his employers, returned to Cushing to spend the Christmas holidays, intending to return to the job in Illinois; that he drove a company truck back and kept it at his home in Cushing. That on the morning of December 29, 1948, he worked on the truck, repairing the lights, the winch and the brakes on the winch; that on that afternoon he drove the truck to the County Farm to get a ticket signed for work done in November, 1948. That he had done the work at the County Farm for his employer and had been paid for same, but that Mr. Howell had instructed him always to get these tickets signed in order to be paid for the work, and had been rather insistent about this duty. That on leaving the County Farm he started in the truck to the Cities Service station in Cushing to pick up a tire for the company truck which he had left there for repair, and the truck and a car collided at the corner of Cherry and Harrison streets, resulting in his injury. That his employers had asked him to keep up the equipment and that he had kept as many as three trucks at his house, doing everything needed for their maintenance except for major mechanical problems, for which he took them to a garage.

W. W. Howell testified that he and his partner, E. A. Rutledge, were contractors in oil field maintenance work and that claimant was employed by them; that it had been claimant's duty while employed by the company in Oklahoma to make minor repairs on the trucks kept by him; that before they went to Illinois in November, 1948, claimant kept as many as three of the trucks at his house, but that after they went to Illinois the trucks were kept at the home of Howell or on the job; that witness did not know what agreement Rutledge made with claimant about repairing or keeping up the truck between December 24, 1948, and the time they were to return to Illinois, and that it might have been the same agreement. Howell also testified that it was the duty of claimant to obtain signed tickets for all work performed by him at the time the work was done.

E. A. Rutledge testified that he and claimant returned to Cushing on December 24, 1948, and that claimant drove the company truck; that it was agreed between them to return either the 4th or 5th day of January, 1949; that they came to Oklahoma for the Christmas holidays and that witness had instructed claimant that he would be free of duties during that time. He was not asked as to what instructions he gave claimant regarding the use of the truck during vacation. The testimony is in agreement that claimant was not paid for his time between December 24, 1948, and the time he was to return to Illinois.

For his first three propositions, claimant raises the single issue that as a matter of law it was the duty of the State Industrial Commission to make a finding from all of the evidence that his disability was caused by an accidental injury arising out of his employment. He cites several cases, which will be briefly reviewed.

In Indian Territory Illuminating Oil Co. v. Whitten, 150 Okla. 303, 1 P. 2d 756, an award of the State Industrial Commission was sustained where the claimant was engaged in the specific duty of carrying tools at the direction of employer. In Tom Dolan Heating Co. v. Feverston, 181 Okla. 198, 73 P. 2d 115, an award entered by the State Industrial Commission was sustained where one of claimant's duties was to return his employer's truck to the shop, and the injury occurred while he was performing this duty. In R. J. Allison, Inc., et al. v. Boling et al., 192 Okla. 213, 134 P. 2d 980, claimant had been specifically requested to return for night work and, on the promise to be taken to and from work by his employer, went to the shop to do the work. While walking home along the usual route, after having waited for the employer to return him to his home, he sustained the accidental injury.

In E. I. DuPont de Nemours & Co., Inc., et al. v. Redding et al., 194 Okla. 52, 147 P. 2d 166, this court sustained an award of the commission where the injury to the employee occurred on the premises. The case is clearly distinguishable from the case at bar. In Palmer v. Bassett, 186 Okla. 5, 95 P. 2d 872, an employee was directed to take a truck to a specific place. The action was one at law and does not involve the Workmen's Compensation Act, and the fact situation is so different from that in the case at bar as not to be helpful.

A material distinction between the above cases and the case under consideration is the time element. The accidental injury in those cases happened either immediately before, or immediately after, or during the time that wages were being paid. The incident of the accident in each of those cases was so clearly related to the hours of employment as to leave no doubt about the connection of the accident with the employment.

In the case at bar, claimant's employment ended when he arrived home in Cushing on December 24, 1948. If he went to get the ticket signed at the County Farm, as he said, because his employer was insistent that he do so, he was merely doing something for his own benefit that he should have done in November. Neither this act nor the driving of the truck to the service station to retrieve a tire for it renewed his employment.

An injury arises out of the employment when it results from a risk reasonably incident to the employment. Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264; Smith v. State Industrial Commission, 182 Okla. 433, 78 P. 2d 288; and an injury is received in the course of employment when it occurs while the workman is performing the duties which he is employed to perform. Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844; State Highway Commission v. Koon, 185 Okla. 161, 90 P. 2d 889.

In Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163, we said:

"In Workmen's Compensation Act the words 'in the course of' refer to the time, place and circumstances under which the accident occurred, and the words 'arising out of' refer to the origin and cause of the accident and its connection with the employment."

And in Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P. 2d 308, we said:

" 'Arising out of' the employment, as used in the law, means that there is apparent to the rational mind, upon consideration of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

See; also, E. I. DuPont de Nemours & Co., Inc., et al. v. Redding et al., supra.

The accidental injury in the case at bar did not arise out of or in the course of the employment.

In a final proposition it is argued that the findings of the Industrial Commission are not susceptible to judicial construction. Claimant cites McCarthy v. Forbes Painting & Decorating Co. et al., 200 Okla. 555, 198 P. 2d 212; Corzine v. Traders Compress et al., 196 Okla. 259, 164 P. 2d 625; Skelly Oil Co. v. Witty, 198 Okla. 384, 179 P. 2d 119; Adams v. City of Anadarko et al., 198 Okla. 484, 180 P. 2d 159. As we view this case, the authorities cited are not in point.

The order of the State Industrial Commission, insofar as it pertains to a discussion of the question, is as follows:

"That the injury complained of did not arise out of and in the course of claimant's employment."

In our opinion this is a specific finding that there was an injury and that the injury and the resulting disability are admitted, but that such injury and disability did not arise out of the employment. The order therefore does not come within the inhibitions of the above mentioned cases.

Order sustained.

WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.