Joe A. KELLEY, Petitioner,

v.

ROGER GIVENS WHOLESALE MILL-
WORK and the State Industrial Commis-
sion of the State of Oklahoma, Respond-
ents.

No. 36598.

Supreme Court of Oklahoma.

March 29, 1955.

Robert N. Woodard, P. H. Winn, Oklahoma City, for petitioner.

Albert D. Lynn, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

In this case it appears from the claim for compensation filed by petitioner Joe A. Kelley and the evidence offered in support thereof that on the 11th day of February, 1953, while in the employ of respondent, Roger Givens Wholesale Millwork, he sustained an accidental injury consisting of an injury to his hand causing permanent disability to the hand. The injury occurred while he was working at respondent's mill when his hand was caught in a motor machine. He was furnished medical treat-

ment for the injury by respondent and entered a hospital for surgery on June 1, 1953. Three different operations were performed on the hand. He was given bone graft and skin and tendon graft. He thereafter and on about April 1, 1954, developed yellow jaundice and it was impossible for the doctors to complete the skin graft on his hand as long as this condition existed. The doctors advised an exploratory operation of the abdomen of petitioner in order to locate the cause of the disease. Petitioner refused to submit to the operation on the ground that he was afraid it would result in his death. He thereafter consulted a physician of his own selection who advised him that surgery was not called for and that his jaundice condition could be cured by medical treatment and that it could be cured in about six weeks.

Respondent refused to furnish him treatment for his jaundice condition.

Petitioner then filed a motion to set the case for hearing to determine temporary total disability and to determine the question of his right to medical treatment to cure the jaundice condition. In that motion he alleged that such condition was caused either by the injury or treatment administered subsequent to the injury.

The case was thereafter set for hearing on such issues before a trial commissioner who at the close of the evidence in substance found: On or about February 11, 1953, petitioner while in the employ of respondent sustained an accidental injury to his right hand; that as a result of such injury he was temporarily totally disabled from the date of the injury less the 5 day waiting period up to date and is entitled to temporary total compensation for such injury; that he has been paid temporary total compensation by respondent from the date of the injury up to the date of the trial but is entitled to continuing temporary total disability compensation until he shall have reached the maximum healing period of his right hand or until the further order of the Commission not to exceed 300 weeks. The Commission further found:

"That claimant is now suffering from a condition which has been di-agnosed as obstructive jaundice, which condition did not arise out of or result from the accidental personal injury sustained on February 11, 1953, and that his claim for compensation and medical attention by reason of said condition should be denied."

And upon such finding entered an award denying petitioner's application for medical treatment for his jaundice condition which order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order. His contention is that the Commission erred in failing and refusing to make a finding on the material issue raised as to whether petitioner's jaundice condition was caused or aggravated and brought to life by the injury and subsequent medical treatment.

There is no evidence to support a finding that petitioner's jaundice condition was either caused or aggravated and brought to life by the injury. There is however medical evidence to the effect that such condition was aggravated and brought about by surgery and drugs and anesthetics administered in performing the surgery and in treating the injury. Several physicians in their reports offered in evidence so stated. There is medical evidence to the contrary. Several physicians in their reports admitted in evidence stated that petitioner's jaundice condition was not caused by the injury nor was it caused by surgery performed or drugs or anesthetics administered in treating the injury. It will thus be noted that the medical evidence is in conflict on the issue as to whether petitioner's jaundice condition was caused or aggravated and brought to life by the operation and medical treatment. This issue is a material issue and was raised in petitioner's application for further medical treatment and was again raised on his appeal to the Commission en banc. We think petitioner was entitled to a specific finding on such issue. We have heretofore held that it is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying com-

946

pensation. Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; Adams v. City of Anadarko, 198 Okl. 484, 180 P.2d 159; Fischbach & Moore of Texas, Inc., v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422.

 The Commission simply found that petitioner's jaundice condition was not caused by the accident sustained on February 11, 1953, and that he was therefore not entitled to medical treatment for such condition. This is an insufficient finding under the issues in this case upon which to base an order denying petitioner medical treatment for his jaundice condition. Disability due to jaundice condition is compensable under Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., if it was caused or aggravated and brought to life by surgery performed or by the drugs and anesthetics administered in treating the injury. And if it was so caused, it necessarily follows he was entitled to medical treatment for such condition. In Skelton Lead & Zinc Co. v. Bagby, 166 Okl. 214, 27 P.2d 168, we held:

"Where an injured employee submits to a surgical operation tendered to him by his employer for the purpose of perfecting a cure to restore his earning capacity, such employer is liable for compensation under said Workmen's Compensation Law for the disability, if any, which may follow as result of said surgical operation regardless of any aggravation of any prior injury or the neglect or unskillfulness or error of judgment of the physician selected by the employer."

It is not at all certain that the Commission under the evidence in this case would have denied petitioner medical treatment for his jaundice condition had it been of the opinion that disability due to such condition was compensable under the Workmen's Compensation Law if it was caused or aggravated and brought to life by the surgery performed and the drugs and anesthetic administered in the treatment of the injury.

We conclude that petitioner was entitled to a specific finding on such issue and that the failure to make such finding constitutes grounds for vacation of the order.

 Order denying petitioner compensation for treatment of his jaundice condition vacated for further proceedings in accordance with the views herein expressed.

WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

JOHNSON, C. J., and WELCH, J., dissent.