410

Monroe C. MORGAN, Petitioner,

v.

Curtis L. CUNNINGHAM, Massachusetts Bonding and Insurance Company, a Corporation, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36295.

Supreme Court of Oklahoma.

Sept. 27, 1955.

Claud Briggs, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, and John R. Couch, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Monroe C. Morgan, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on December 28, 1952, while employed by Curtis L. Cunningham, subcontractor for the Oklahoma Construction Company, he sustained a back injury. The Oklahoma Construction Company and Curtis L. Cunningham and his insurance carrier, Massachusetts Bonding and Insurance Company, filed answers on January 31, 1953. The first hearing was conducted June 4, 1953. Claimant was the only witness testifying on that occasion and established a disability resulting from an accidental injury when he sprained his back when struck by a truck knocking him from a platform. The proceeding was then adjourned until June 17, 1953. At this latter hearing Dr. L filed a report and testified. The effect of this evidence was that claimant needed an operation on his spine and would have a disability dependent on the outcome of the operation. There was no attempt either

in the doctor's report or the testimony to fix a permanent disability at the time the report was made or the testimony given. There was also filed, at the request of respondents, a report of a Dr. M. In this report Dr. M stated there was a 15 per cent permanent partial disability to the body as a whole. Three reports of the Holt Krock Clinic were also filed. One was dated April 10, 1953, one April 27, 1953 and another May 11, 1953. Following these reports was a letter from the same clinic notifying respondents that claimant had not reported to them since May 9, 1953. These reports are inconclusive as to any degree of disability except that in the report of May 11, 1953, it is stated that it probably will be several months before claimant can return to the kind of work he was doing prior to his injury. Respondents also filed the report of Dr. O under date of March 20, 1953, and a subsequent report June 4, 1953. These reports are also inconclusive as to any degree of disability either temporary or permanent.

Following the reports, the case was closed and submitted, and thereafter an order was entered which is in part as follows:

"That on December 28th, 1952, the claimant herein was in the employ of respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Act, and on said date the claimant sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his leg and lower back.

"That claimant's wages were sufficient to entitle him to the maximum rate of compensation; that claimant has been paid temporary total compensation to and including May 10th, 1953.

"That respondent and insurance carrier furnish claimant surgery as indicated by Dr. A * * * and pay claimant compensation at the rate of $25.00 per week, said payment to commence on the date claimant enters the hospital for said surgery and medical care.

"That respondent and insurance carrier pay to claimant the necessary expense incurred incident to receiving medical treatment.

"It Is Therefore Ordered By The Trial Commissioner, That respondent and insurance carrier furnish claimant surgery and medical care as indicated by Dr. A * * * and pay claimant compensation at the rate of $25.00 per week, said payment of compensation to commence on the date claimant enters the hospital for said surgery and medical care.

"It Is Further Ordered That respondent and insurance carrier pay to claimant the necessary expense incurred incident to receiving medical treatment."

Claimant has brought this proceeding to review this order and states that it is too indefinite and uncertain and that it is the duty of the State Industrial Commission to make a specific finding as to whether or not claimant was disabled from and after May 10, 1953, to which date he was paid temporary disability. He cites in support of this argument Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, and related cases.

We do not agree that it is the duty of the State Industrial Commission to make a specific finding that claimant was temporarily disabled from and after May 11, 1953, to and including October 21, 1953, or any other date. We do agree that the order as made is too indefinite and uncertain within the rule of Corzine v. Traders Compress, supra, and the cases following it. There is evidence in the record from which the State Industrial Commission could have found that claimant is temporarily totally disabled. There is also evidence to indicate that his healing period ended as of May 10, 1953, or some subsequent time and that he had a permanent partial disability. There is also evidence to support the order made that he submit to an operation. The evidence reflects that at all times claimant was willing to submit to any operation necessary to attempt to repair the injury causing the disability to his back.

In Corzine v. Traders Compress, supra, we said:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

The order as made is vacated and the cause remanded to the State Industrial Commission for further proceedings consistent with the views herein expressed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.