In the Matter of the Death of Richard H. WARE, Deceased.

Lennie WARE et al., Petitioners,

v.

WILSON AND COMPANY, a Corporation, Own Risk, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37639.

Supreme Court of Oklahoma.

Feb. 18, 1958.

Ryan Kerr, Oden & Oden, Altus, for peitioners.

Grady H. Holloway, Rex H. Holden, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

Lennie Ware, hereinafter called claimant, is the widow of Richard H. Ware who died of a heart seizure on June 21, 1955, while employed by Wilson and Company. She filed her claim seeking death benefits under the relative provisions of the subdivision of 85 O.S.1951 § 22. The State Industrial Commission denied an award and she brings this proceeding against Wilson and Company, Own Risk, hereinafter called respondent, to review the order denying the award.

The record discloses that Richard H. Ware, hereinafter referred to as Ware, was a stationary engineer at the plant operated

by respondent. On the night of the 16th and the early morning of the 17th of December, 1954, he was called by a fellow employee to assist in loading turkeys. Three truck loads of turkeys and an undisclosed number of cans of cream were loaded and unloaded. The turkeys and cans of cream had to be handled twice by the two men loading and unloading them. Claimant estimated that approximately eighty-six thousand pounds of cream and turkeys were handled during the unloading and loading process. This figure is not disputed by respondents. Ware suffered a heart attack and went home. He was sent to the hospital at approximately 8 o'clock on the morning of the 17th of December, 1954, where he remained for seventeen days. He was sent home but returned to the hospital early in February, 1955, where he remained for a period of a week or ten days. After he left the hospital the last time he was treated as an outpatient during March, April and May and June. On the 26th day of May 1955, he was informed he could do light work and on that date he returned to work at the plant of respondent.

Both physicians who treated Ware while in the hospital stated that at first he was given medicine designed to cure pneumonia. They stated that Ware informed them he had been working in the cold storage department and had a cold. Assuming possibility of pneumonia he was treated accordingly. It afterwards developed on running an electro-cardiogram that he had sustained a heart attack. It is their testimony that he died of myocardial infarction. It is likewise their testimony that in their opinion the accidental injury sustained by Ware December 16 and 17, 1954, was a contributing factor to the heart attack which caused his death. A third physician, a specialist, filed a report tending to support the conclusion that the accidental injury was a contributing factor to the death of Ware.

Dr. M. filed a report for respondent and gave as his conclusion that the death of Ware resulted from a heart attack, but that it was not caused by the accidental injury of December 16 and 17, 1954.

■ It is first argued that the State Industrial Commission erred as a matter of law in holding that the death did not result from the accidental injury. As to whether or not the exertion of December 16 and 17, 1954 and the consequent activities caused a heart condition from which Ware died on June 21, 1955, thereafter is a question of fact which must be determined by skilled medical experts. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Magnolia Pet. Co. v. Clow, 163 Okl. 302, 22 P.2d 378. The claimant furnished medical evidence to the effect that the death resulted from an accidental injury arising out of and in the course of the employment. Respondent furnished medical expert testimony to the contrary. In such case we have several times held that it is neither the province nor the duty of this Court to disturb the finding based thereon. Price v. Spartan Aircraft Co., (Okl.) 275 P.2d 705; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498. In Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723, it is stated:

> " * * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * * "

■ The finding of the State Industrial Commission is supported by competent evidence.

■ In a final proposition it is argued the order denying the award is indefinite within the meaning of Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; Adams v. City of Anadarko, 198 Okl. 484, 180 P.2d 159; McCarty v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P.2d 212; and De Vore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520. We do not agree. The claimant raised the single issue that Ware died as a result of an injury

sustained December 16 and 17, 1954. The order thereon is in part as follows:

"The death of Richard H. Ware occurred on June 21st, 1955 from a heart attack while sitting in a chair at his place of employment and was not due to an accidental injury arising out of and in the course of his employment."

It is difficult to conceive how a more definite finding could be made in the case.

The sole issue was whether or not Ware died of an accidental injury received December 16 and 17, 1954. The finding of the State Industrial Commission made thereon is supported by the evidence.

Award sustained.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.