**Mrs. Ceamon J. LACY, Petitioner,**

v.

**PRATT FOOD STORES; Associated Employers Insurance Company and The State Industrial Commission of the State of Oklahoma, Respondents.**

No. 38673.

Supreme Court of Oklahoma.

Nov. 10, 1959.

Rehearing Denied Dec. 22, 1959.

Williams, Williams & Williams, Ardmore, for petitioner.

Ray Teague, A. R. Daugherty, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Mrs. Ceamon J. Lacy, hereinafter called claimant, filed her claim in the State Industrial Commission to obtain an award under the Death Benefit provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. An order denying an award was entered and this proceeding is brought by claimant against Pratt Food Stores and its insurance carrier, Associated Employers Insurance Company, to review the order denying an award.

The record discloses that claimant is the widow of Ceamon J. Lacy, hereinafter called employee or referred to as Lacy, who died of a cerebral hemorrhage April 4, 1958. Employee was store manager for Pratt Food Stores. The assistant manager, Thomas Wallace, testified that a short time before the death of Lacy the Pratt Food Stores had changed management and due to this change employee was required to work longer hours; that certain reports requiring more work had to be made by employee. This caused him to be tense and nervous. On the 29th day of March, 1958, he talked to employee about making out the reports for the day and employee told witness that employee was going to the back room. There was an overhead door to this room. Soon thereafter employee came through another door to the store and stated to witness that employee reached up to pull down the overhead door and it felt like his head would blow off; that he staggered and looked chalky. He was sent to the hospital where he died on April 4, 1958. He lapsed into unconsciousness soon after the occurrence and never recovered consciousness. Before this, however he talked to his wife and related in substantially the same manner his experience as related and detailed to witness Wallace. The evidence discloses that employee had been subject to frequent headaches for which he took sedatives. The medical evidence is in irreconcilable conflict.

Experts for respondents testified that the death was not due to an accidental injury but to a diseased brain and resulting aneurysm or brain hemorrhage. Experts for claimant testified that in their opinion his death was due to strain from operating the overhead door and that the strain caused the hemorrhage resulting in death.

Witness Wallace testified that the door was hard to operate at times and on occasions he had had to place his entire weight against it in order to pull it down. He also testified that at other times no particular effort was needed to operate the door.

An autopsy was performed and all the doctors testifying and filing reports had assisted in the autopsy or reviewed carefully the autopsy report. Questions were submitted to medical experts both for claimant and for respondents which substantially reviewed the above statement of facts and the only material difference in the testimony as to the facts of the occurrence of the accidental injury was that the questions submitted to the experts for respondents assumed there was no excessive strain in operating the door.

██ Claimant first argues there is no competent evidence reasonably tending to support the finding of the State Industrial Commission and the order based thereon denying an award. Claimant cited Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542; Richards v. State Industrial Commission, 143 Okl. 29, 287 P. 69, and

related cases. In all of these cases, with the exception of Richards v. State Industrial Commission, supra, the question presented and determined in each case was that there was sufficient evidence to support the award for claimant. We hold the issue presented was one of fact arising on the conflict of the evidence. A similar situation was presented in Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723. Therein it is stated:

"* * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no applications to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

See, also, Price v. Spartan Aircraft Co., Okl., 275 P.2d 705.

Claimant argues that the testimony is undisputed that the employee strained himself operating the door. We do not agree. Although there is evidence the door was hard to operate, there is evidence that this was true only part of the time. As to whether the door hung or was hard to operate when employee reached up to lower it or whether operating the door caused an aneurysm was a question of fact. There is competent evidence reasonably tending to support the finding that the aneurysm and resulting death was not caused by the strain incident to the operation of the door.

Finally it is argued the order denying the award is vague, indefinite and not susceptible of judicial interpretation. Claimant cites Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, and related cases. The order denying the award is in part as follows:

"The death of Ceamon J. Lacy, was in no manner connected with, due to or precipitated by his alleged accident of March 29th, 1958, but was the result of pre-existing vascular circulatory disease, resulting in brain hemorrhage and stroke.

"It is therefore ordered, That claimant's claim for compensation under the provisions of the Death Benefit Act of the State of Oklahoma is denied."

The rule announced in Corzine v. Traders Compress, supra, is not applicable. The cases applicable are: Roberts v. Magnolia Petroleum Co., 201 Okl. 370, 205 P.2d 1160; Mansfield v. Industrial Service Co., 203 Okl. 384, 222 P.2d 373; and White v. Hale-Halsell Co., Okl., 265 P.2d 470.

The order plainly disposes of the only issue, the cause of the aneurysm which resulted in death.

Order denying the award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.