**Joe J. PARKER, Petitioner,**

v.

**MIDWEST PAINT CONTRACTORS, Zobisch Grain and Elevator Company, United States Casualty Company and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 38669.

Supreme Court of Oklahoma.

Nov. 22, 1960.

Darrell Winings and Durward K. Mc-Daniel, Oklahoma City, for petitioner.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for respondent United States Casualty Co.

Butler, Rinehart & Morrison, Oklahoma City, for respondent, Zobisch Grain and Elevator Co.

Mac Q. Williamson, Atty. Gen., for respondent, State Industrial Court.

WILLIAMS, Vice Chief Justice.

On the 19th day of December, 1958, Joe Parker, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Midwest Paint Contractors and Zobisch Grain and Elevator Company of Geary, Oklahoma, he sustained an accidental injury on November 28, 1958. The State Industrial Court affirmed the order of the trial judge denying an award and claimant brings this proceeding against the employers as named and the United States Casualty Company, insurance carrier for Midwest Paint Contractors, to review the order denying an award.

Claimant testified that on November 28, 1958, he was employed as a laborer for Midwest Paint Contractors; that Midwest Contractors was engaged in painting

and repairing the building occupied by Zobisch Grain and Elevator Company; that he went to work at midnight of November 28 and at 2:30 a. m. of November 29th a board fell from a scaffold striking him across the back; that he worked approximately one week and went to Oklahoma City where he stayed until December 16, 1958, and then went back to work for Midwest Paint Contractors and at approximately 10 p. m. on the 16th quit because it hurt his back to work; that he notified Leo Rhodes, who was in charge of the work for Midwest Paint Contractors and Rhodes refused to send him to a doctor. Claimant saw a doctor on December 23, 1958. This doctor examined claimant and filed a report in which it is stated that by reason of the accidental injury of November 28, 1958, claimant has a ten per cent permanent partial disability to the body as a whole. Dr. G examined claimant for respondents and stated that there is no permanent partial disability due to the accidental injury.

At the conclusion of the testimony offered by the claimant the following occurred:

"By Mr. Butler: Comes now the respondent, V. J. Zobisch doing business as the Zobisch Grain & Elevator and moves the Court to enter judgment for the respondent, V. J. Zobisch, for the reason that the testimony of the claimant fails to state a cause of action in favor of himself and against respondent, V. J. Zobisch.

"By The Court: It will be overruled."

The order of the trial judge affirmed by the Industrial Court en banc is as follows:

"Now on this 17 day of February, 1959, this cause comes on for consideration, pursuant to regular hearing at Oklahoma City, Oklahoma on February 6, 1959, before D. H. Cotten, Trial Judge, claimant appearing in person and by his attorneys, Darrell Winings and Durward K. McDaniel, Zobisch Grain & Elevator Company being represented by John Butler, and United States Casualty Company, being represented by John Couch, and the Trial Judge having considered the evidence, records, and being fully advised in the premises, finds:

"Claimant did not sustain any disability as a result of his alleged accident on November 28, 1958.

"It Is Therefore Ordered, That claimant's claim for compensation be and the same is denied."

There was no appearance for Midwest Paint Contractors.

Claimant first argues there is competent evidence of a disability due to the accidental injury. Claimant introduced before the State Industrial Court testimony of a qualified competent physician sufficient to support his claim of an accidental injury. The respondents likewise introduced competent medical evidence tending to show that there was no accidental injury. It, therefore, appears from the evidence, the nature of which has been many times approved by this court, that the State Industrial Commission chose to base its findings of fact on the evidence offered by the respondents. As many times stated by this court it is neither the province nor the duty of this court to interfere with the order of the State Industrial Commission made thereon.

In Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723, it is stated:

" * * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

See, in this connection, Hollis v. Mid-Continent Petroleum Corporation, 174 Okl. 544, 51 P.2d 498; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; Dale v. Mike Campbell Const. Co., Okl., 335 P.2d 643; Sanders v. State Industrial Commission, Okl., 331 P.2d 478; and Riley v. Clark Brothers Well Service Co. et al.,

Okl., 321 P.2d 956, 959. In Riley v. Clark Brothers Well Service Co. et al., supra, it is stated:

"Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such findings."

 It is argued that because the trial judge overruled the motion of employer as above stated this constituted a finding that claimant sustained an accidental injury arising out of and in the course of his employment and that the finding thereafter to the contrary is inconsistent and error. We do not agree. The motion of the employer was not based on whether claimant had sustained an accidental injury but was based on a proposition of law arising under the liability between prime contractor and independent contractor. (See 85 O.S.1951 § 11.) It was after the ruling of this motion that the employer offered the medical evidence as to the cause and extent of the disability of claimant.

Finally claimant argues that the order as made above is vague and indefinite and not susceptible of judicial interpretation and cites in support thereof Corzine v. Traders Compress Co., 196 Okl. 259, 164 P.2d 625, and related cases. The cases applicable are: Lacy v. Pratt Food Stores, et al., Okl., 347 P.2d 788 and Jamison v. Big Four Foundry Co. et al., Okl., 336 P.2d 349. Two findings of fact allegedly necessary to the determination of the issues are as to hazardous employment and whether Midwest Paint Contractors is an independent contractor. Hazardous employment was not in dispute. The finding as to disability rendered it unnecessary to make any other findings. In Souder v. Mid-Continent Petroleum Corporation, 187 Okl. 698, 105 P.2d 750, it is stated:

" * * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O.S.1931, 85 Okl.St.Ann. § 2, has a definite mean-

ing. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

The order is not vague and indefinite. It is susceptible of judicial interpretation.

Order denying award sustained.