James E. MORAN, Petitioner,

v.

THOMAS CONCRETE PIPE DIVISION OF AMERICAN MARIETTA COMPANY and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39683.

Supreme Court of Oklahoma.

Feb. 6, 1962.

Murphy & Booth, Oklahoma City, for petitioner.

A. R. Daugherty, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

James E. Moran, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a welder for Thomas Concrete Pipe Division of American Marietta Company, employer, he sustained an accidental

injury on October 21, 1960. The State Industrial Court denied an award, and this proceeding is brought by claimant against the employer, own risk, to review the order denying an award.

Claimant testified that on the date stated he was welding and was directed by Ray Thomas, foreman for employer, to come down from where he was welding, and in response thereto he started laying out beams; that foreman Thomas swung a load of beams and a beam struck claimant, hitting him in the back of the head. This occurred between 10:30 and 11:00 a.m. He continued to work and afterwards developed severe headaches. Two doctors filed reports for respondent therein stating there was no disability due to the accident. A doctor for claimant stated that in his opinion claimant sustained ten percent permanent partial disability.

The trial judge entered an award for five percent permanent partial disability. On appeal to the State Industrial Court en banc this order was vacated. In denying the award it is stated:

"That claimant did not sustain an accidental injury arising out of and in the course of his employment with respondent, therefore, his claim is denied."

The sole issue presented is that under the rule announced in Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, the order denying the award should be vacated and the cause remanded to the State Industrial Court for further proceedings because the order is not subject to judicial interpretation.

We are of the opinion and hold the case controlling is Souder v. Mid-Continent Petroleum Corp. et al., 187 Okl. 698, 105 P.2d 750, wherein the State Industrial Commission denied an award in similar language. Therein it is stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May,

1938. Section 13349, O.S.1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * *"

In Corzine v. Traders Compress, supra, we stated:

"* * * The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident. 85 O.S. 1941, § 11; Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937."

█ We have discussed the rule announced in Corzine v. Traders Compress, supra, in sustaining orders denying awards in Mansfield v. Industrial Service Co. et al., 203 Okl. 384, 222 P.2d 373; Brandt v. Western Oklahoma Butane Co. et al., Okl., 346 P.2d 724; Lacy v. Pratt Food Stores et al., Okl., 347 P.2d 788; and Greer v. Sinclair Pipe Line Co. et al., Okl., 356 P.2d 356. In the latter case it is stated:

"It is finally contended that the finding below is meaningless and too indefinite for judicial interpretation. Claimant relies on Butts v. Rose Drilling Co. et al., Okl., 304 P.2d 986; Cummins v. State Industrial Commission, Okl., 264 P.2d 721; Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, and other decisions of like import.

"In the cited cases the trial tribunal failed in its function to determine the ultimate facts upon which the order was based. In the present proceeding the finding is clearly responsive to the decisive issue presented. * * *"

█ In the case under consideration the State Industrial Court made the ultimate finding of fact on the only issue presented. It resolved that fact in favor of respondent and against claimant. There is competent evidence reasonably tending to support the

order denying the award and the order is subject to judicial interpretation.

The order denying the award is sustained.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, V. C. J., dissents.