**William Thomas USELTON, Petitioner,**

v.

**BESTWAY FREIGHT LINES, INC., Maryland Casualty Company, and The State Industrial Court, Respondents.**

**No. 39656.**

Supreme Court of Oklahoma.

Feb. 6, 1962.

Morgan & Ferrish by Edward H. Ferrish, Oklahoma City, for petitioner.

Pierce, Mock, Duncan, Couch & Hendrickson, by Henry F. Featherly, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Under review in this proceeding is the trial tribunal's order denying claimant an award for an asserted injury to the left inguinal area.

As disclosed by undisputed evidence, claimant sustained on March 5, 1960, an accidental injury which admittedly resulted in a *right inguinal* hernia. After undergoing corrective surgery he attained normal recovery from this condition. The operation was performed at the expense of the employer who also paid the statutory amount of compensation for 14 weeks of temporary total disability. In the proceeding below claimant sought an award for disability attributable to his concurrent injury in the *left inguinal* area. At the hearing upon the claim the employer stipulated that in the course of his accident on March 5 claimant did also sustain a "strain to the left side." The sole issue before the trial tribunal was the extent of claimant's permanent disability, if any, from his injury to the left lower quadrant.

The medical evidence on this issue was in sharp dispute. Dr. N, who submitted a report for the claimant, described the condition for which compensation was sought as a "dilated inguinal ring" which, in his opinion, will continue to produce pain in this area and prevent claimant from engaging in heavy lifting. In the opinion of this physician claimant's condition as outlined amounted to 20 per centum permanent (partial) disability to the body as a whole. Employer's expert evidence consists of a report by Dr. B who found no "tenderness or thickening in the inguinal or scrotal area" and concluded that there was no "demonstrable pathology" in these regions. According to Dr. B there was no "evidence of any permanent disability." Both physicians agreed that claimant did not have a left inguinal hernia. The trial tribunal denied an award based on its findings as follows:

"As a result of the accident alleged in the Form 3, claimant sustained a hernia to the right side, which has been repaired, and is well healed, and has been paid 14 weeks compensation therefor, and he did not sustain a hernia on the left side and has no hernia nor any permanent partial disability to the left

side or inguinal area as a result of said accident. * * * "

■ Claimant asserts fatal error in the trial tribunal's failure to expressly state and recite in its finding that he sustained an accidental injury by "strain to the left side," which fact was admitted by the stipulation of the parties. Cited in support of this argument are our decisions in Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; McCarthy v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P.2d 212; and Cummins v. State Industrial Commission, Okl., 264 P.2d 721.

In the cited cases the trial tribunal's orders were too indefinite and uncertain for judicial interpretation because the State Industrial Court utterly failed in its function to determine the ultimate facts upon which the adjudication was based. In the present proceeding the finding as made is clearly dispositive of the decisive issue raised by the evidence. It plainly shows that the order denying an award rests on the determination that no permanent disability resulted from claimant's admitted injury to the left inguinal area of the body. The finding is amply explicit for judicial interpretation and affords a sufficient basis in law for denial of benefits under the Workmen's Compensation Act. The finding does not fall within the inhibition of the rule invoked here by the claimant. Mansfield v. Industrial Service Co., 203 Okl. 384, 222 P.2d 373. See also Cranfill v. J. G. Beard Estate, Okl. 348 P.2d 506, 510.

■ Neither can we agree with claimant's second contention that under the "undisputed" evidence adduced he was "at least" entitled to an award for temporary partial disability. So far as disclosed by the record, the question of incapacity during the healing period was raised neither before the trial judge nor on appeal to the trial tribunal en banc. Claimant's own expert evidence evaluated his condition in the left inguinal area in terms of unqualified permanency and there was nothing before the trial tribunal which would have required .

**862**

it to make a finding upon claimant's right, if any, to an award for temporary partial disability. Ideal Cement Company v. Buckler, Okl., 353 P.2d 828, 831; Park-Ward Const. Co. v. Newlin, 186 Okl. 26, 95 P.2d 848, 849. Compare, Richardson v. M. & D. Freight Lines, Okl., 322 P.2d 192.

The finding of the State Industrial Court effects a clear determination of a decisive issue tendered by the evidence. Its language is susceptible of judicial construction. The order denying an award rests on competent medical evidence adduced. It is neither the duty nor the province of this court to disturb on review the factual determination so made. 85 O.S.1951 § 26; Greer v. Sinclair Pipe Line Company, Okl., 356 P.2d 356, 359.

Order denying compensation is accordingly sustained.

BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.